IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                                      No.     3:01cr90/RV
                                                                                         3:03cv357/RV/MD

KENNETH WAYNE SINKFIELD
_____

### REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 61).  The government has responded (doc. 63), and defendant has replied (doc. 65).  The court held an evidentiary hearing on December 14, 2004 on defendant's first ground for relief, as discussed below.  (Transcript Doc. 70).   After a careful review of the record and the arguments presented, it is the opinion of the undersigned that the motion should be denied.

### BACKGROUND[1]

Defendant, a convicted felon, was charged with possessing a firearm on the night of April 8, 2001.  One Dedrick Geter had gone to the home of William Sinkfield,

---

[1] The facts stated herein are those presented at trial and viewed in the light most favorable to the prosecution.  Due process requires the government to prove each element of the offense beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  When a court examines the sufficiency of the evidence on review, the role of the court is not to reweigh the evidence or to determine whether the evidence established guilt beyond a reasonable doubt.  *Id.* at 319.  Where there are conflicting inferences and disputes exist, this Court must presume that the jury resolved such conflicts in favor of the prosecution, and must defer to that resolution.  *Martin v. State of Alabama*, 730 F.2d 721,724 (11th Cir. 1984).  Although this court is not called on to address directly the sufficiency of the evidence, the evidence presented to the jury plays a major part in the court's analysis.

defendant's father, where defendant was staying, looking for defendant concerning a drug deal gone bad.  Mr. Geter wanted money, and told William Sinkfield that he wanted to talk to the defendant.  After heated discussion between William Sinkfield and Mr. Geter, the elder Sinkfield went into the house to awaken his son.  The testimony was somewhat confusing, but at some point the defendant came out of the house armed with a handgun, as did his father.  William Sinkfield fired a round into the ground and the defendant fired two shots at Mr. Geter as he ran away.  That defendant possessed a firearm was never disputed.

Defendant based his defense on a justification claim, maintaining that the firearm belonged to his father, and that he picked it up and fired it into the ground (but not at Mr. Geter) in self-defense and in defense of his father because there was reasonable cause to believe that his or his father's life was in danger.  The jury found him guilty as charged.  His appeal was unsuccessful, and he now brings this § 2255 motion claiming ineffective assistance of counsel.

## LEGAL ANALYSIS

A.      Section 2255 review.

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  As recently explained by the Eleventh Circuit, "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225,

1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

**B.     Ineffective assistance of counsel.**

Defendant's grounds for relief rely on his claim that his counsel was ineffective, thereby depriving him of his constitutionally guaranteed right to counsel. Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 104 S.Ct. at 2065; *see Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 122 S.Ct. 234 (2001).

### C. Defendant's Grounds for Relief

#### 1. Counsel's failure to call William Sinkfield as a witness.

The only eye witnesses to this incident were the defendant, his father, William Sinkfield, Dedrick Geter, and Mr. Geter's uncle, Kevin Maxwell. Defendant faults counsel for not calling his father as a witness. Defendant says that his father was prepared to testify in essence that defendant was only protecting the two of them in the altercation, and that this would have carried his justification defense. He claims his father was prepared to say that he, William Sinkfield, was the person who took two shots at Mr. Geter as he fled, and that defendant fired only one round into the ground to make Mr. Geter leave the property. He claims that counsel was ineffective for failing to call William Sinkfield because had he done so, the outcome of the proceedings would have been different. Defendant cannot succeed on this ground.

The court held a hearing on this issue on December 14, 2004 and heard the testimony of defendant's trial counsel Thomas Keith, Esq. and of the defendant. William Sinkfield is deceased. Based on the testimony adduced at this hearing, the court finds that Mr. Keith made a strategic decision not to call William Sinkfield to testify. The court further finds that this decision was well-grounded based on a weighing of the risks inherent in putting on any witness, and particularly William Sinkfield.

William Sinkfield was interviewed by law enforcement immediately after the incident. He gave a recorded statement in which he stated that he fired one round into the ground and that his son, the defendant, took two shots at Mr. Geter as he fled. However, at a later deposition, William Sinkfield testified to the exact opposite: that he took two shots at Mr. Geter as he fled, and that his son, the defendant, fired only once into the ground. Defense counsel was aware of this discrepancy, and knew that while the later version of the event may have helped the defendant, the first version, given on the day of the incident, was essentially in line with the government's theory of the case and would have been extremely damaging to the defense. Moreover, the fact that William Sinkfield gave mutually inconsistent versions of the event would have totally impeached his testimony. Mr. Keith also discussed with William Sinkfield the fact that his testimony in this case might later be used against him in a pending prosecution in a companion state case. William Sinkfield therefore decided not to testify. (Doc. 70 at 14-15).

Thus, defense counsel made a well-supported decision not to call William Sinkfield, and even if he had wanted to call the witness, the evidence shows that the witness would not have testified. "'Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess.'" *Conklin v. Schofield*, 366 F.3d 1191, 1204 (11th Cir. 2004), *quoting, Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995). Defendant has not pointed to any authority supporting his claim that, under these facts, his counsel's performance was below an objective and reasonable professional norm, nor has the court found any. Defendant's claim that "[c]ounsel had a duty to abide by Defendant's adamancy he call (sic) William Sinkfield to testify" (doc. 65, p. 9), is likewise unsupported. *Hardwick v. Crosby*, 320 F.3d 1127, 1161-61 (11th Cir. 2003) (holding that counsel was not ineffective in not calling witnesses even though defendant was adamant in telling him to call them). Defendant therefore cannot

show that counsel's performance at trial was constitutionally deficient, and he is not entitled to relief on this ground.

  2. <u>Counsel's failure to argue justification.</u>

  Defendant next asserts that his attorney's performance was constitutionally deficient because he did not argue justification. Here defendant is simply wrong. Counsel did present a justification argument, and the jury was instructed on it. (Doc. 43 at 8-9). He presents a list of purported inconsistencies in the testimony of the witnesses, and says that counsel could have more effectively brought these matters out so that the jury could understand how he was justified in picking up a handgun. This court's review of the record reveals that counsel cross-examined Mr. Geter and Mr. Maxwell extensively and effectively, and presented a cogent argument to the jury. The fact that defendant, or that some other lawyer, might have done it differently, does not rise to the level of ineffective assistance of counsel. Defendant is not entitled to relief on this ground.

  3. <u>Counsel's failure to challenge statutory applicability.</u>

  For his final ground for relief defendant argues the inapplicability of 18 U.S.C. § 922(g), under which he was charged. The thrust of his argument is that while there was proof that the handgun he possessed had moved in interstate commerce, there was no proof that it was "in" interstate commerce at the time of the incident, which defendant says is a necessary element of the crime.

  The law is to the contrary. The "commerce" element of the statute is met, and Congress' constitutional authority to enact the statute is satisfied, upon a showing that the firearm "once traveled in [interstate] commerce." *Scarborough v. United States*, 431 U.S. 563, 576, 97 S.Ct. 1963, 1969, 52 L.Ed.2d 1963 (1977).

  Defendant has failed to show that his counsel's performance was below an objective and reasonable professional norm. It is therefore unnecessary to address *Strickland*'s prejudice prong. Accordingly, it is respectfully RECOMMENDED that

defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 61) be DENIED.

At Pensacola, Florida, this 3rd day of January, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See, 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**