IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

 v.          **CASE NO. 3:01cr90/RV/MD**

**KENNETH W. SINKFIELD**
_____/

### ORDER

Pending is a motion filed by the defendant, entitled "Request to Remand into Custody of Bureau of Federal Prisons" (doc. 83). The government has filed a response in opposition. Before considering the defendant's motion, I must set forth the background of this case.

**I. Background**

The defendant was charged in a one-count indictment with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g), 924(a)(2), and 924(e). The case proceeded to trial in October 2001, after which the jury returned a verdict of guilty as charged. Sentencing was scheduled for December 14, 2001. During this time period, the defendant was in federal court on a writ from state custody. The state custody was based on charges arising from the same incident that gave rise to the federal charge. Prior to sentencing, the defendant, through his attorney, wrote to the court and made several objections, corrections and comments to his pre-sentence report. In relevant part, this letter stated:

> Regarding the running of the sentence, I will ask the court to order that the sentence start immediately *or recommend that it be served in a state facility* if necessary. Mr. Sinkfield was brought to federal court on a writ and will be returned to state custody to face the pending charges arising from the same incident. . . . If the federal court does not order the sentence to start immediately, it will not start until the state releases him.

And at the sentencing hearing, defense counsel (with the defendant at his side) again stated:

> I also ask the court to order the sentence start immediately *or at least designate it to a state facility*. I don't know what's gonna happen with his pending state charges. But he's on a writ, so he will have to go back to the state and have to deal with those. This court will have to address that. If this sentence is to start immediately, the court would have to indicate that in the judgment. And I would ask the court to do that.

The defendant was thereafter sentenced to a term of imprisonment of 262 months, followed by 5 years of supervised release. He was remanded to the federal custody of the United States Marshal, and it was recommended to the Bureau of Prisons that the defendant participate in a Residential Drug Treatment Program. Although I agreed with the defendant's attorney that designation to a state facility would be appropriate, there was no mention in the final written judgment of the sentence starting immediately after imposition, nor was there any recommendation that the defendant serve his federal sentence in a state facility. Apparently, I then believed (as did the prosecutor) that the state would not pursue the state charge.

Months later, the defendant, through his attorney, filed a motion again asking that his sentence "begin when it was imposed and/or that he be designated to the Florida Department of Corrections for the service of the sentence" (doc. 40). The defendant indicated in the motion that *after* he received his federal sentence, he was sentenced in state court to a 20-year term of imprisonment with that sentence to run concurrent with the federal sentence. However, because he was in state custody, he argued that "the BOP will not consider the federal sentence to have started unless this court makes the recommendation(s) requested in this motion." This motion was unopposed by the government. Thereafter, I entered an order granting the motion and recommending "that the BOP designate a State of Florida institution for service of the sentence," (doc. 41), which it did.

Now, several years later, the defendant moves to be "remanded" back to the

Bureau of Prisons so that he can serve the rest of his time in federal prison.

## II. Discussion

There appear to be several interrelated reasons why the defendant wants to be transferred to federal prison. He first contends that there are no drug treatment programs available in the state system, even though this "Honorable Court did order said treatment." Similarly, he argues that there are no "life changing classes" in state prison, such as GED programs, vocational training, job skill training, and counseling. And lastly, he contends that mental health treatment is non-existent, and he implies that has a heart condition requiring medical attention that may not be available in his present institution. Even if it is assumed the foregoing is true (and there is no evidence that it is), and assuming further that I have the jurisdiction and power to grant the requested relief, on the facts of this case, I will not order that the defendant be transferred back to the federal system.[1]

The problem with the defendant's motion is that it glosses over the fact that he, through his attorney, asked the court *on three separate occasions* to designate

---

[1] Relying solely on United States v. Diaz-Clark, 292 F.3d 1310 (11th Cir. 2002), the government argues that even if I were inclined to transfer the defendant to federal prison, I would be without jurisdiction to do so. I do not agree. In Diaz-Clark, the Court of Appeals was, in its own words, "presented with the specific question of whether a district court has jurisdiction . . . **to reduce** a prisoner's sentence based upon its conclusion that the sentence it had originally imposed was erroneous." Id. at 1311 (emphasis added). The Court there ruled that outside the time period provided by Rule 35 of the Federal Rules of Criminal Procedure, a district court may not modify the term or length of a sentence. Here, by contrast, the defendant is not asking that I reduce or modify *the term* of his incarceration; rather, he is asking that he be allowed to serve his term in federal prison. In fact, he emphasizes in an "Addition" to his motion for remand that: "It should be noted Mr. Sinkfield is not asking the courts, B.O.P. etc, etc, to resentence and/or interfere with his concurrent sentence only to be placed in the Federal prison system for the reasons set forth, in which under the circumstances would be to the benefit of parties involved, to allow Mr. Sinkfield the opportunity to program himself, and rehabilitate himself in a positive manner." Diaz-Clark, therefore, and the cases cited in that opinion, would not be relevant here. Nevertheless, the defendant's request must be denied for the reasons noted immediately above.

that he serve his federal sentence in state prison.[2] He made these requests because it inured to his benefit for him to serve his federal term in state prison. Otherwise, his federal sentence would not run concurrent with his state sentence. In other words, he would have had to serve his 20 years state sentence in state prison, only to be released and serve the full 262 months federal sentence in federal prison. The defendant perhaps does not fully appreciate the consequences of the relief that he seeks. If he is remanded back to the federal system now, it appears that he will not receive any credit for his remaining state time, whatever that may be, and he will be required to serve that time later. In this context, I note that the defendant should complete his state sentence and be released *before* the expiration of his federal sentence and, therefore, it is probable that he will eventually be transferred back to the federal system anyway.

Under the particular circumstances of this case, it was my intent that the defendant's sentence be served concurrently with his state sentence. The state court judge apparently had the same intention. I have recommended to the Bureau

---

[2]The defendant claims that because he "was not educated in law and/or the language of the law," he did not know that his attorney had requested that he be sent to state prison to serve his federal term. He thus contends that he "was and remains totally opposed" to his being incarcerated in the state system. But, regardless of his unfamiliarity with the law, he was present in the courtroom and standing next to his attorney when the latter unambiguously requested that the court designate that the sentence be served in a state facility. Notably, the defendant did not lodge any objection at that time or for many years later. Nor did he raise this argument anywhere in his direct appeal or in his subsequent petition for habeas corpus, even though he claimed there that his lawyer was ineffective for a variety of reasons. In any event, litigants (even criminal defendants) are generally bound by the actions and representations of their lawyers. Cf. Link v. Wabash R.R. Co., 370 U.S. 626, 633-34, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (stating that a party cannot avoid the consequences of the acts or omissions of his attorney; "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.").

of Prisons that he be designated to a Florida state prison facility in order to allow the two sentences to be served concurrently. I also order that his federal sentence be deemed to start immediately at the time of his sentencing (December 14, 2001) in order to accomplish this. Beyond this, I am not inclined to grant the requested relief, assuming *arguendo* that I have the authority to do so.

### III. Conclusion

The defendant's motion for remand to federal prison (doc. 83) is DENIED.

DONE AND ORDERED this 19th day of July, 2007.

/s/ *Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**